UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MARTIN BACA,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES ROBERTSON,[1]<br><br>    Respondent. | No.  2:22-cv-01481 TLN KJN P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).  For the reasons set forth below, the court directs the petitioner to indicate how he would like to proceed with this action.

I.    Exhaustion Standards

The exhaustion of state court remedies is a prerequisite to granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  To waive exhaustion, respondent's counsel must do so

---

[1] James Robertson, current warden of Pelican Bay State Prison, is substituted as respondent. Fed. R. Civ. P. 25(d); see Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

1

explicitly. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion cannot be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509, 510 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. Id.

II. Discussion

Petitioner raises five claims in his petition. In his first two claims, petitioner contends there was insufficient evidence to convict him, and in claim two, he claims he was denied a fair trial and the right to present a defense. Petitioner states his first two claims were raised by

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

counsel in the petition for review filed in the California Supreme Court, which was denied on May 26, 2021. Petitioner concedes that claims three (witness coerced), four (ineffective assistance of counsel) and five (exculpatory evidence), have not been raised in the California Supreme Court. Rather, petitioner claims that he was told by attorneys that petitioner could only bring such claims in a "federal appeal." (ECF No. 1 at 16-19.)

After reviewing the record in this action, the court finds that petitioner failed to exhaust state court remedies as to claims three, four and five. Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims.

III.     Petitioner's Options

Because the petition contains unexhausted claims, this court is required to give petitioner the choice of exhausting the unexhausted claim by returning to state court or abandoning the unexhausted claim and pursuing the exhausted claim in federal court. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005); see also Butler v. Long, 752 F.3d 1177, 1181 (9th Cir. 2014) (per curiam). Accordingly, petitioner must elect to proceed in one of following four ways.

1.     Petitioner may choose to dismiss the entire petition without prejudice. However, this court warns petitioner that dismissal of the present proceeding (even dismissal "without prejudice") could contribute toward a statute of limitations bar against any federal petition he might subsequently file.[3]

2.     Petitioner may proceed on an amended petition raising only the exhausted claims one and two described above. Petitioner should provide an amended petition if he chooses this option.

3.     Petitioner may file a request to stay this action pending exhaustion of state court remedies with respect to the unexhausted claim pursuant to Rhines v. Weber, 544 U.S. 269

---

[3] The habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state postconviction or other collateral review is pending. 28 U.S.C. § 2244(d). Although 28 U.S.C. § 2244(d)(2) tolls limitations during the pendency of "a properly filed application for State post-conviction or other collateral review," limitations may not have been tolled during the pendency of the instant federal petition. See Duncan v. Walker, 533 U.S. 167 (2001).

(2005).  Under Rhines, the court may stay a habeas petition containing exhausted and unexhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue are potentially meritorious, and (3) petitioner has been diligent in pursuing relief.  Id. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016).  Petitioner must satisfy all three factors to request a Rhines stay.  If the court grants the request for a Rhines stay, the entire federal habeas petition including the unexhausted claim will be put on hold.  Petitioner is not required to file an amended federal habeas petition.

4.     Petitioner may file an amended petition which includes only petitioner's fully exhausted federal claims one and two described above, along with a request that the amended petition be stayed pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  A Kelly stay involves the following three-step process:  (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and (3) petitioner later amends his petition and reattaches the newly-exhausted claims to the original petition.  Id.  This is a more cumbersome procedure than a Rhines stay because it requires petitioner to file multiple amended federal habeas petitions, but it does not require petitioner to demonstrate good cause for the failure to exhaust.  See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009).  However, this court cautions petitioner that choosing this alternative may risk forfeiting consideration of the unexhausted claim in this or any other federal habeas proceeding.  See McCleskey v. Zant, 499 U.S. 467 (1991); Rose, 455 U.S. at 520-21; see also 28 U.S.C. § 2244(d)(1) (stating that a one-year period of limitation shall apply to all federal habeas petitions challenging a state court judgment); Rules Governing Section 2254 Cases, Rule 9(b).  But the court declines to address at this time whether such a motion would be appropriate or timely under Mayle v. Felix, 545 U.S. 644 (2005).  If petitioner chooses to request a Kelly stay, he should provide an amended petition.

////

////

////

IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. James Robertson, current warden of Pelican Bay State Prison, is substituted as respondent;

2. Petitioner's motion to proceed in forma pauperis is granted; and

3. Petitioner shall notify the court, within thirty days from the date of this order, which of the four options he chooses. This court warns petitioner that failure to respond to the court's order may result in a recommendation that this action be dismissed without prejudice.

Dated: October 11, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/baca1481.103mix

5